IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09-CR-96-WKW |
| | ) | |
| JAMES HAROLD GRIFFITH | ) | |
| | ) | |

**ORDER**

Before the court are the Recommendation of the Magistrate Judge (Doc. # 68) and the objection to the Recommendation by Defendant James Harold Griffith (Doc. # 74). Pursuant to 28 U.S.C. § 636(b)(1), the court conducts a *de novo* review of the portion of the Recommendation to which the objection was made.

Mr. Griffith was charged with, among other things, manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Mr. Griffith moved to suppress all evidence seized and statements made during a warrantless search of his dwelling. During the evidentiary hearing on the motion, the parties disputed whether Mr. Griffith consented to the search, and if he did, whether his consent was voluntary. The Magistrate Judge found that Mr. Griffith consented to the search, and that he did so voluntarily.

Mr. Griffith objects to the Magistrate Judge's finding that he consented to the search. He contends that the finding was based on an improper adverse inference as to the status of the defendant as a witness in violation of his Fifth Amendment due process rights.

Specifically, Mr. Griffith contests the Magistrate Judge's finding that Mr. Griffith's interest in the outcome of the case "militates against his veracity."

The court finds that Mr. Griffith has conflated a defendant's interest in the outcome of a proceeding with his status as a defendant.  While a judge is not permitted to base a credibility determination solely on the status of a witness, he or she may "weigh[] the testimonies of all the witnesses, *taking into account the interests of the witnesses*, the consistencies or inconsistencies in their testimonies, and their demeanor on the stand." *United States v. Ramirez-Chilel*, 289 F.3d 744, 750 (11th Cir. 2002).  Thus, the interest of a witness is an appropriate factor to consider in making a credibility determination separate and apart from the status of said witness.  Further supporting the Magistrate Judge's findings was evidence that Mr. Griffith had been smoking methamphetamine before the officers' arrival.  The Magistrate Judge appropriately found that such evidence affected Mr. Griffith's memory and further undermined his credibility as a witness.

Accordingly, it is ORDERED that Mr. Griffith's objection (Doc. # 74) is OVERRULED.  It is further ORDERED that the Recommendation (Doc. # 68) is adopted, and that the motion to suppress (Doc. # 55) is DENIED.

DONE this 15th day of October, 2009.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE