# UNITED STATES DISTRICT COURT

__MIDDLE__  District of  __ALABAMA__

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| | Case Number: 3:09cr96-001-WKW (WO) |
| JAMES HAROLD GRIFFITH | USM Number: 12725-002 |
| | Ben Bruner |
| Date of Original Judgment: 1/15/2010 | Defendant's Attorney |
| (Or Date of Last Amended Judgment) | |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
X was found guilty on count(s)  1s, 2s, 3s, 4s, 5s and 6s of the Superseding Indictment on October 21, 2009  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1) | Manufacture of Methamphetamine | 2/25/2008 | 1s |
| 18:924(c)(1)(A)(i) (*) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | 2/25/2008 | 2s |
| 18:922(g)(1) | Felon in Possession of a Firearm | 2/25/2008 | 3s |

(Continued on page 2)

The defendant is sentenced as provided in pages 2 _____ 8 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
X Count(s)  1-5 of the Original Indictment  ☐ is  X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 20, 2010
Date of Imposition of Judgment

/s/ W. Keith Watkins
Signature of Judge

W. KEITH WATKINS, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

1·20·2010
Date

DEFENDANT:           JAMES HAROLD GRIFFITH
CASE NUMBER:         3:09cr96-001-WKW

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:856(a)(1) | Maintaining Drug-Involved Premises | 2/25/2008 | 4s |
| 21:844(a) | Possession of Methamphetamine | 2/25/2008 | 5s |
| 18:922(g)(1) | Felon in Possession of a Firearm | 6/16/2009 | 6s |

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case 3:09-cr-00096-WKW-CSC Document 113 Filed 01/20/10 Page 3 of 8
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 3 of 8

DEFENDANT: JAMES HAROLD GRIFFITH
CASE NUMBER: 3:09cr96-001-WKW

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

248 Months. This sentence consists of 188 months as to Counts 1s, 3s, 4s 5s and 6s to be served concurrently, and 60 months as to Count 2s to be served consecutively.

X  The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that defendant be designated to a facility where intensive drug treatment is available.

The Court recommends that defendant be designated to Talladega FCI.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release (NOTE: Identify Changes with Asterisks (*))

Case 3:09-cr-00096-WKW-CSC   Document 113   Filed 01/20/10   Page 4 of 8

Judgment—Page 4 of 8

DEFENDANT: JAMES HAROLD GRIFFITH
CASE NUMBER: 3:09cr96-001-WKW

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

8 years. This term consists of 8 years as to Count 1s, 3 years as to Counts 3s, 4s and 6s, 1 year as to Count 5s and 5 years as to Count 2s to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
         Sheet 3C — Supervised Release                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page __5__ of __8__

DEFENDANT:         JAMES HAROLD GRIFFITH
CASE NUMBER:       3:09cr96-001-WKW

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing to determine whether he has reverted to the use of drugs. Defendant shall contribute to the cost of any treatment based on ability to pay and the availability of third-party payments.

Defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

DEFENDANT: JAMES HAROLD GRIFFITH
CASE NUMBER: 3:09cr96-001-WKW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 600          | $        | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| TOTALS | $ | $ |
|--------|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments                                           (NOTE: Identify Changes with Asterisks (*))

Judgment — Page    7    of    8

DEFENDANT:          JAMES HAROLD GRIFFITH
CASE NUMBER:        3:09cr96-001-WKW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   X   Lump sum payment of $ __600__ due immediately, balance due

        ☐ not later than _____ , or
        ☐ in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   X   Special instructions regarding the payment of criminal monetary penalties:

        Criminal monetary payments shall be made payable to the Clerk, U.S. District Court, Middle District of Alabama, P.O. Box
        711, Montgomery, AL  36101.


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and
    corresponding payee, if appropriate.




☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
    (1) Sovereign, SM64, .22 caliber rifle, bearing serial number 32130
    (2) Marlin Firearms, .22 caliber rifle, bearing no serial number              **(continued on page 8)**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C     (Rev. 06/05) Amended Judgment in a Criminal Case
            Sheet 6B — Schedule of Payments                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page   8   of   8

DEFENDANT:     JAMES HAROLD GRIFFITH
CASE NUMBER:   3:09cr96-001-WKW

## ADDITIONAL FORFEITED PROPERTY

(3)  Dickson Phoenix .20 gauge shotgun, bearing serial number 7355

(4)  FIE, model Tex, .22 caliber revolver, bearing serial number TX31262

(5)  Stevens Arms, model 11, .22 caliber rifle, bearing no serial number

(6)  New England Firearms, model Pardner Pump, 12 gauge shotgun, bearing serial number NX510876

(7)  Mossberg, model 702 Plinkster, .22 caliber rifle, bearing serial number EGG289923